**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.) **FOREST PATH PRODUCTIONS INC.,** | § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § | **CASE NO. 26-cv-00199-CDL** |
| 1.) **PRETTY BABIES FILM, LLC,** and 2.) **JORDAN WAGNER, INDIVIDUALLY,** | § § § § § | |
| **Defendants.** | § § | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, Forest Path Productions Inc. ("Forest Path" or "Plaintiff"), by and through its undersigned attorneys of record, brings this Complaint against Defendant Pretty Babies Film, LLC ("Pretty Babies") and Jordan Wagner ("Wagner," collectively, with Pretty Babies, the "Defendants"), and hereby states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Forest Path is a for-profit corporation incorporated under the laws of the State of Texas, with its principal office located at 5777 Richmond Ave., Suite 730, Houston, Texas 77056. Thus, Forest Path is a corporate citizen of the State of Texas.

2.      Pretty Babies is a limited liability company organized under the laws of the State of New Mexico.   For limited liability companies, citizenship is determined by the citizenship of "all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Siloam Springs Hotel, LLC v. Century Surety Co.*, 781 F.3d 1233 (10th Cir. 2015); *see Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419–20 (3d Cir. 2010) (citing cases from eight circuits

174427996.1

PLAINTIFF'S ORIGINAL COMPLAINT                                                      Page 1

for the proposition that "every federal court of appeals to address the question has concluded that a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship"); *ConAgra Foods, Inc. v. Americold Logistics, LLC,* 776 F.3d 1175, 1180 (10th Cir.2015) (holding Supreme Court precedent "dictates that the citizenship of any non-corporate artificial entity is determined by considering all of the entity's members"). Kim Englert ("Englert"), is the sole member of Pretty Babies. Englert, an individual, is domiciled in California and is, therefore, a citizen of California. Accordingly, Pretty Babies is a citizen of the State of California.

3.      Pretty Babies can be served through its registered agent Cogency Global Inc. at 1012 Marquez Place, Suite 106B, Santa Fe, New Mexico 87505.

4.      Wagner, an individual, is domiciled in California and is, therefore, a citizen of the State of California.

5.      A substantial portion of the events giving rise to this lawsuit occurred in and around Tulsa County, State of Oklahoma, which is encompassed by the Northern District of Oklahoma.

6.      This case is for damages in excess of $100,000.00, exclusive of attorney fees and costs, and is within this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as this is an action for damages in excess of $75,000.00, exclusive of interest and costs, and there is complete diversity between the parties.

7.      To the extent a claim does not fall within the Court's jurisdiction as set forth above, the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8.      Venue for this civil action is proper in the Northern District of Oklahoma pursuant to 28 U.S.C. 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to

174427996.1

PLAINTIFF'S ORIGINAL COMPLAINT                                                                    Page 2

the claims alleged herein occurred in Tulsa, Oklahoma and/or because Defendant is subject to the Court's personal jurisdiction with respect to this action.

## FACTUAL BACKGROUND

9.      On or about August 18, 2025, Forest Path and Pretty Babies entered into a Participation Agreement whereby Forest Path agreed to contribute $400,000.00 to Pretty Babies, with funds to be used as working capital solely in connection with actual and verifiable production costs for the motion picture entitled "Pretty Babies".  Under the Participation Agreement, Pretty Babies granted Forest Path an equity interest in the film, which would be facilitated by an investment fund that relied upon proceeds of a loan pursuant to or related to 26 USC § 181 ("Section 181 Proceeds").[1]  Essentially, Forest Path was to be reimbursed for its participation contribution through Section 181 Proceeds which were expected to be provided to Pretty Babies by December 2025. Under the terms of the Participation Agreement, Forest Path was to receive its principal investment, plus a negotiated premium, within three days of receipt of the Section 181 Proceeds or December 25, 2025, whichever came first.

10.     Upon information and belief, Pretty Babies received the Section 181 Proceeds in early December 2025 but failed to remit the agreed upon payment from the Proceeds to Forest Path.

11.     Upon information and belief, Pretty Babies provided a portion of the Section 181 Proceeds to satisfy certain obligations including, but not limited to, a deposit with the Screen Actors Guild.

---

[1] Section 181 of the Tax Code allows taxpayers to elect to treat the costs of qualified film productions as an expense that is not chargeable to capital account, therefore, these costs can be deducted in the year they are incurred, providing immediate tax benefits.

174427996.1

PLAINTIFF'S ORIGINAL COMPLAINT                                                                 Page 3

12.     Despite Pretty Babies' agreement to pay Forest Path on or before December 25, 2025, Forest Path did not receive its promised payment. On or about February 25, 2026, Forest Path mailed Pretty Babies and its manager, Jordan Wagner, a demand letter seeking payment of the amounts promised it under the Participation Agreement.

13.     As of the date of this action, Forest Path has not received any payment toward its capital contribution.

## CAUSES OF ACTION

### COUNT I — BREACH OF CONTRACT AS AGAINST PRETTY BABIES
### (Participation Agreement)

14.     Forest Path incorporates by reference, as if fully restated herein, all of the allegations contained in paragraphs 1-13 of this Complaint, as though the allegations were fully set forth in this paragraph.

15.     The Participation Agreement is a valid and enforceable contract supported by adequate consideration and was offered by Pretty Babies and voluntarily accepted by Forest Path.

16.     All conditions precedent to the enforcement of the Participation Agreement have been satisfied.

17.     By signing the Participation Agreement, Pretty Babies agreed to pay Forest Path's participation upon receipt of Section 181 Proceeds and the repayment terms addressed in the Participation Agreement (including an exit fee).

18.     Forest Path performed its obligations under the Participation Agreement by funding the Participation in the amount of $400,000.00.

174427996.1

19. Contrary to the terms of the Participation Agreement, however, Pretty Babies breached the Participation Agreement by failing to remit Section 181 Proceeds to Forest Path as agreed upon for its capital contribution.

20. Further, on information and belief, Pretty Babies incurred additional debt on or about October 2025 without informing the appropriate parties, including Forest Path, in accordance with the terms of the Participation Agreement.

21. Pretty Babies' default is a material breach of the Participation Agreement.

22. Despite demand, Pretty Babies has not cured its default to date.

23. As a direct and proximate result of Pretty Babies' material breach of the Participation Agreement, Forest Path has been damaged in an amount to be proven in excess of $480,000.00, plus pre-and post-judgment interest at a rate of 6.49% per annum.

24. Pretty Babies is liable to Forest Path in an amount not less than $480,000.00, plus pre-and post-judgment interest at a rate of 6.49% per annum.

### COUNT II — BREACH OF CONTRACT AS AGAINST PRETTY BABIES
### (Failure to Pay)

25. Forest Path incorporates by reference, as if fully restated herein, all of the allegations contained in paragraphs 1-24 of this Complaint, as though the allegations were fully set forth in this paragraph.

26. The Participation Agreement is a valid and enforceable contract supported by adequate consideration and was offered by Defendant and voluntarily accepted by Forest Path.

27. Forest Path performed its obligations under the Participation Agreement and funded the participation in the amount of $400,000.00.

174427996.1

28.     All conditions precedent to the enforcement of the Participation Agreement have been satisfied.

29.     In or around December 2025, Pretty Babies received Section 181 Proceeds.

30.     Upon receipt of the Section 181 Proceeds, Pretty Babies improperly satisfied certain debts granted to the Screen Actions Guild with the funds, thereby the payment that should have been made to Forest Path pursuant to the Participation Agreement, and has failed to cure this deficiency.

31.     Pretty Babies' breach of the Participation Agreement is ongoing.

32.     Because Pretty Babies was obligated to pay Forest Path from the Section 181 Proceeds, Pretty Babies has materially breached its agreement with Forest Path, thereby proximately causing Forest Path actual loss and damages in the amount not less than $480,000.00, plus pre-and post-judgment interest at a rate of 6.49% per annum, as authorized by contract.

## COUNT III – FRAUD AND FRAUDULENT MISREPRESENTATION AS AGAINST WAGNER, INDIVIDUALLY

33.     Forest Path incorporates by reference, as if fully restated herein, all of the allegations contained in paragraphs 1-32 of this Complaint, as though the allegations were fully set forth in this paragraph.

34.     Over the course of Forest Path's dealings with Wagner for Pretty Babies, Wagner made material misrepresentations upon which Forest Path relied with regard to (i) payments that would be made through the Section 181 Proceeds for Forest Path's participation, and (ii) the timeframe in which such payments would be made to Forest Path for such capital contribution.

35.     As a result of Wagner's fraud, Forest Path has suffered damages.  Forest Path seeks such damages from Wagner.

174427996.1

---

## COUNT IV — DECLARATORY JUDGMENT

36.    Forest Path incorporates by reference, as if fully restated herein, all of the allegations contained in paragraphs 1-35 of this Complaint, as though the allegations were fully set forth in this paragraph.

37.    Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Forest Path seeks a determination of its legal rights arising under the Participation Agreement as to past and future disbursements under the Section 181 Proceeds as well as to any future state tax refund incentive programs.

38.    Forest Path and the Defendants appear to have different interpretations of how the Section 181 Proceeds and/or any additional tax refund incentive programs are to be distributed under the Participation Agreement.

39.    Pretty Babies' failure to pay the proper disbursements required under the Participation Agreement will thus continue, absent declaratory relief from this Court.

40.    Thus, there is presently an actual, definite, and substantial case or controversy between Forest Path and the Defendants, parties who have adverse legal interest of sufficient immediacy and reality, concerning the application and disbursement of the Section 181 Proceeds. Further, additional tax refunds are expected within the next four weeks and there is an immediate concern that such funds will not be properly paid to Forest Path.  Accordingly, speedy relief is necessary to preserve Forest Path's rights, which otherwise will be impaired, if not lost.

41.    The cardinal rule of construction of contracts is that the intent of the parties governs the obligations thereunder.

174427996.1

42.     Based on the foregoing, Forest Path respectfully requests that this Court render a determination and issue a declaration that of the Section 181 Proceeds already received, and any forthcoming disbursements expected under comparable tax incentives or benefits, Forest Path is entitled to be paid in the amount of $480,000.00, plus pre-and post-judgment interest at a rate of 6.49% per annum.

43.     Accordingly, a declaratory judgment is both necessary and proper in order to set forth and determine its rights, obligations, and liabilities that exist between the parties to the Participation Agreement with respect to the disbursement of proceeds from the Section 181 Proceeds and any/all tax incentives or rebate programs related to the production of the film.

### COUNT V – QUANTUM MERIUT
### (In the Alternative)

44.     Forest Path incorporates by reference, as if fully restated herein, all of the allegations contained in paragraphs 1-43 of this Complaint, as though the allegations were fully set forth in this paragraph.

45.     Should it be determined that an enforceable contract with respect to the matters asserted above did not exist, Forest Path nonetheless paid Pretty Babies its $400,000.00 participation under circumstances that it reasonably expected repayment from any Section 181 Proceeds on or before December 25, 2025, and it would be unjust to permit Pretty Babies to profit from Forest Path's performance without just compensation.

WHEREFORE, Plaintiff Forest Path is entitled to the unpaid value of its services rendered — $480,000.00, plus pre-and post-judgment interest at a rate of 6.49% per annum.

174427996.1

PLAINTIFF'S ORIGINAL COMPLAINT                                                    Page 8

## COUNT VI — ATTORNEYS FEES

46.    Forest Path incorporates by reference, as if fully restated herein, all of the allegations contained in paragraphs 1-45 of this Complaint, as though the allegations were fully set forth in this paragraph.

47.    Forest Path is entitled to recover its costs of litigation, including attorneys' fees, pursuant to the terms of the Participation Agreement and 12 O.S. § 936 because Pretty Babies and Jordan Wagner, individually, have acted in bad faith, and failed to repay Forest Path's participation contribution.

WHEREFORE, Plaintiff Forest Path prays:

(a) That the Court enter judgment against Pretty Babies and Wagner on each count of this Complaint as addressed herein;

(b) That the Court award Forest Path compensatory and actual damages in an amount to be proven not less than $480,000, plus pre-and post-judgment interest at a rate of 6.49% per annum, as a result of Pretty Babies' and Wagner's conduct;

(c) That the Court award Forest Path its attorneys' fees and costs pursuant to the terms of the Participation Agreement and 12 O.S. § 936; and

(d) That the Court award Forest Path such other relief, both legal and equitable, as this Court may deem just and proper.

Respectfully submitted this 6th day of April, 2026.

174427996.1

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Linda S. Ressetar*
**LINDA S. RESSETAR**
OBA# 17905
2100 Ross Avenue, Ste. 2000
Dallas, Texas 75201
Telephone: (214) 722-7100
Facsimile: (214) 722-7111
Linda.Ressetar@lewisbrisbois.com

**ATTORNEY FOR PLAINTIFF**
**FOREST PATH PRODUCTIONS INC.**

174427996.1

PLAINTIFF'S ORIGINAL COMPLAINT                                            Page 10